IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH U. ONOH,

    Plaintiff,

v.

CITIGROUP, FIDELITY MORTGAGE LLC, HOMEQ SERVICING, WELLS FARGO BANK, N.A., and all other persons currently unknown claiming any legal or equitable interest in the Trust Property, and DOES ONE through ONE HUNDRED, inclusive,

    Defendants.

No. C 09-02481 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

This is a motion to dismiss plaintiff's claims in a foreclosure dispute. This order finds that each of plaintiff's fourteen claims are either legally or factually insufficient. Accordingly, defendants' motion is **GRANTED**. The hearing set for July 30, 2009 is hereby **VACATED**.

## STATEMENT

Plaintiff Elizabeth U. Onoh initiated this action against defendants for monetary damages and equitable relief. She has likewise applied for a preliminary injunction to enjoin "defendants" from proceeding with the foreclosure sale on her "primary residence." The sale is currently set for August 10, 2009.

In March 2005, Onoh borrowed $492,000 from Argent Mortgage Company, LLC, secured by property she was purchasing in Antioch, California. A deed of trust was executed,

and beneficial interest in the first mortgage loan was assigned to Wells Fargo. Barclays Capital Real Estate services the mortgage on behalf of Wells Fargo. Onoh stopped making payments in January 2008. Notice of default was filed on May 14, 2008, at which point the account was $27,988.28 in arrears. On August 18, 2008, the notice of trustee's sale was recorded and a foreclosure date was set for September 4, 2008.

This date was postponed. Plaintiff then filed for Chapter 13 bankruptcy on October 6, 2008. Thereafter, plaintiff filed for bankruptcy three more times in December 2008 and in February and April 2009. The first three bankruptcies were dismissed. The fourth bankruptcy was filed on April 8, 2009, the same day that Onoh filed her complaint in state court. The action was subsequently removed here. Her most recent bankruptcy petition is still pending.

This complaint is entirely boilerplate. Plaintiff's counsel Marc Terbeek has filed at least three nearly identical complaints on behalf of different plaintiffs in separate cases. In each complaint, despite different fact patterns, the allegations and claims are uniform. Like the others, the complaint in the present action fails to distinguish in any meaningful way between the heterogeneous group of defendants. Mysteriously, the complaint refers to plaintiff Onoh as a "class of plaintiffs." In some instances, the complaint refers to the wrong plaintiff. This raises a strong inference that counsel merely changed the plaintiffs' names for each respective complaint.

Plaintiff's opposition is, barring some details, the same as the opposition filed by plaintiff's counsel in a previous case. In the opposition, plaintiff spends considerable time contesting defendants' "position" that plaintiff's claims are preempted. *Defendants never advocated any such position in their briefings.* Furthermore, plaintiff defends herself against the contention that her complaint was copied from the California Attorney General's complaint in another case as follows: "plaintiff's response to this comparison, which is made without any intention to be flippant, is: 'so?'" *Defendants in the current action never made this comparison — the comparison, as well as plaintiff's response in her opposition, were made in a previous, unrelated action involving different parties.*

2

Entire blocks of the boilerplate read as if they were copied from periodicals decrying the mortgage market. Those passages that are plaintiff-specific are vague. The first page of plaintiff's opposition scarcely addresses the substance of her legal claims: "defendants would have the court believe that this case is about traditional lenders and brokers behaving in a traditional fashion while engaged in traditional home loan transactions a la the George Bailey character in Frank Capra's classic It's A Wonderful Life. Unfortunately, defendant's scenario is mere fantasy." Almost nowhere in the complaint does plaintiff allege pertinent, independent facts. It seems as if plaintiff is emboldened by her oft-stated belief that courts must take all allegations, both legal and factual, no matter how incredible or argumentative, to be true. This belief is inaccurate.

On June 9, 2009, an order granted plaintiff's ex parte motion for a temporary restraining order to prevent the initiation of a foreclosure sale on her property. Counsel for defendants did not appear at the hearing and the TRO was granted. Plaintiff was instructed to provide more detailed briefing in support of her motion for a preliminary injunction. Plaintiff has not complied with this instruction, electing instead to rely on her TRO briefing. In light of this order to dismiss, plaintiff's application for a preliminary injunction is now moot.

**ANALYSIS**

1.   **LEGAL STANDARD.**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Material factual allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party, but courts are not bound to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. In order to defeat a Rule 12(b)(6) motion to dismiss, a claim must be factually supported and plausible on its face — conclusory legal allegations and speculative inferences do not suffice.

3

Courts may consider material not appended to the complaint such as court filings and matters of public record without converting a motion to dismiss into one for summary judgment. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). This order finds that the documents submitted by the parties are properly the subject of judicial notice, at least as to the fact and date of their publication and the terms of the contracts. Fed. R. Evid. 201(b)(2).[1]

### A. Negligence / Negligence Per Se.

Plaintiff's purely conclusory negligence claim against defendants is premised on the unsubstantiated theory that defendants owed plaintiff a "general duty of care" and failed to exercise "reasonable care" in performing this duty. Consistent with the rest of the complaint, this claim does not address why defendants had a duty of care to plaintiff or explain how this duty was violated.

### B. Breach of Contract.

The complaint alleges that defendants breached both the "express and implied" terms of their written agreements with plaintiff. Plaintiff does not allege facts or refer to cases, statutes, or regulations that would show how these agreements were explicitly "breached." Nor does plaintiff explain which provisions of which agreements were breached. Within this general breach of contract claim, plaintiff additionally alleges that defendants — all of them — breached the covenant of good faith and fair dealing implied in every contract because plaintiff's "expectations" regarding the agreements were "frustrated." Plaintiff makes no effort to explain how this frustration might constitute a breach of the implied covenant. To establish a breach of the implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, the identities of the parties involved, and conduct that impedes the other party's rights to benefit from the contract. Plaintiff has accomplished none of these things.

### C. Breach of Fiduciary Duty.

Plaintiff claims that each defendant had a fiduciary duty to her and that each of them breached that duty. She advances no theory of fiduciary responsibility as to any of these

---

[1] Unless indicated otherwise, internal citations are omitted from all quoted authorities.

4

parties, nor does she distinguish in any way between the activities that each party engaged in pursuant to her statement of facts, their relationships to her as a plaintiff, or the purported duties that they violated. Accordingly, plaintiff has not alleged or shown that she has a legal claim against defendants based on breach of fiduciary duty theory.

### D. Intentional Infliction of Emotional Distress.

A finding of tort liability for intentional infliction of emotional distress in breach of contract cases would be highly unusual. In any event, plaintiff's emotional distress theory reads as follows: "plaintiffs, and each of them, did in fact suffer severe emotional distress." These are legal conclusions couched as factual allegations which are not entitled to a presumption of truth. Plaintiff cannot state a claim for relief without asserting the minimum factual allegations to satisfy the requirements of notice pleading. *Ashcroft*, 129 S. Ct. at 1950.

### E. Fraud.

FRCP 9(b) provides that in all averments of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. A pleading is sufficient under FRCP 9(b) if it "identifies the time, place, and nature of the alleged fraudulent activities."

The plaintiff must set forth an explanation of how or why alleged statements or concealments are false or misleading. *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547–48 (9th Cir. 2004) (*en banc*).

Plaintiff does not explain how the alleged conduct in this claim, to the extent that it is even addressed by the complaint, was misrepresenting or fraudulent. The complaint does not identify the time or place of the purported fraud, nor does it specifically indicate which parties participated. Accordingly, plaintiff has not met the most basic pleading requirements for her fraud claim.

### F. Violations of Federal/State Lending Laws.

Plaintiff neglects to identify any of the laws that were purportedly violated.

5

### G. Unfair Business Practices.

Plaintiff does not disclose how the statutory provisions cited were violated.

### H. RICO.

Plaintiff does no more than restate the elements of this claim without including factual allegations.

### I. Injunctive Relief.

This request for injunctive relief fails in that entirely rests on the following unexplained and unfounded assertion: "a genuine controversy exists as to whether the trustee's sale is a valid and lawful exercise of defendants' rights and obligations."

### J. Declaratory Relief.

Plaintiff seeks declaratory relief against all defendants as a result of their alleged fraud. This "cause of action" is ultimately a request for relief — in order to weigh it, this order must examine its underlying claims. Plaintiff's request for declaratory relief hinges on the theory that she was fraudulently induced to enter into contract with defendants. As her request for rescission rests upon her fraud claim, and her fraud claim is defective, this remedy is not available to her.

### K. Rescission.

Rescission is a remedy, not a claim. Plaintiff asserts her right to rescind the contract pursuant to Sections 1689, 1691, and 1692 of the California Civil Code. Together, these Sections merely outline the various ways in which a party may be entitled to rescission and the notice and procedural rules prerequisite to rescinding a contract. Here, plaintiff has literally failed to state a claim.

### L. Quiet Title.

Plaintiff seeks to quiet title against all defendants. The purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein. Plaintiff fails to articulate why it would be appropriate for title to be quieted on her behalf, precisely what adverse interest she is seeking to quiet title against, and which party holds the

6

claims asserted against her title. *See* Cal. Civ. Proc. Code § 760.020(c). This is fatal to her quiet title claim.

### M. Accounting.

An accounting may take the form of a legal remedy or an equitable claim. On the pleadings, plaintiff presents no case for either. In fact, plaintiff does not explain why an accounting would be useful or necessary to her or any of the parties involved.

Plaintiff does not relate her request for an accounting to any of the myriad claims in her complaint. Instead, she merely alleges that she does not know how much money *she owes defendants* and that this amount cannot be calculated without an accounting. A request for a legal accounting must be tethered to relevant actionable claims. Plaintiff has not anchored her request to any viable claims.

### N. Punitive Damages.

Punitive damages, as the name suggests, are a form of damages, not a legal claim.

### CONCLUSION

In her complaint, plaintiff brings "causes of action" in lieu of claims, and asserts as "claims" legal remedies. Of the legally cognizable claims asserted in plaintiff's complaint, none meet the most basic pleading requirements.

This seems to be an all-too-common situation these days in which a borrower took on an adjustable rate loan and defaulted when the adjustments took hold. There appears to be no viable claim for relief. Solely out of caution, plaintiff may have until **AUGUST 7, 2009, AT NOON** to file a motion seeking leave to amend and stating with specificity why the amendments would state a claim. Inasmuch as this entire action has all of the hallmarks of a classic stalling action, please do not ask for any extensions without excellent cause.

Accordingly, defendants' motion to dismiss all claims is hereby **GRANTED**. The hearing previously scheduled for July 30, 2009 is hereby **VACATED**. As plaintiff states no viable claims, the hearing on plaintiff's application for a preliminary injunction, scheduled for the

same day, is likewise **VACATED** as moot. Plaintiff may file for leave to amend in accordance with the foregoing instructions.

**IT IS SO ORDERED.**

Dated: July 27, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE